■ In the Matter of VIC'S AUTO BODY & REPAIR, Respondent, v. ARMAND A. GRANITO et al., Constituting the Board of Zoning Appeals of the Town of Hempstead, Appellants.— In a proceeding pursuant to article 78 of the CPLR to review appellants' determination denying petitioner's application for a special exception permit to construct and operate an automobile body and fender repair shop, the appeal is from a judgment of the Supreme Court, Nassau County, entered April 13, 1973, which annulled the determination and remitted the matter to appellants with a direction to issue a special exception, "subject to appropriate conditions." Judgment reversed, on the law, determination reinstated and confirmed, and petition dismissed on the merits, with costs. In our opinion, appellants' determination was amply supported by the evidence; was not illegal, arbitrary or an abuse of discretion; and Special Term improperly substituted its judgment for that of appellants (*Matter of Lemir Realty Corp.* v. *Larkin,* 11 N Y 2d 20). There was extensive, specific evidence that automobile body and fender repair shops tend to emit considerable noise, fumes and (including petitioner's Linden Boulevard auto body repair shop) are featured by damaged or wrecked cars in open view outside the shop. Considerable evidence was also adduced that, although the parcel on which petitioner would construct a second shop is in a business-zoned strip, its vicinity is essentially characterized by residential, church and school use; that a body shop would seriously interfere with the medical practice of Dr. Haber, conducted in the house immediately north of the subject parcel; that a body shop would most likely prevent any medical practice from being carried on at that location, to the extreme disadvantage of a large number of patients and the community; and that permitting an auto body and fender repair shop on the subject parcel would inflict serious economic loss on Dr. Haber and neighboring property owners. It is also clear that, petitioner's claim to the contrary, its proposed building use of only 28% of the subject parcel makes it extremely likely that damaged and wrecked cars would be parked and worked upon outside the building, and that its proposal to construct a "closed" structure in which only two workers would be employed justified the conclusion that adherence to such plan is so unlikely that issuance of a permit would be on unrealistic conditions and therefore not warranted. In short, appellants were justified in concluding that the proposed use did not and could not meet the standards for a special exception. Under the circumstances, there was no valid basis for disturbing appellants' determination. Gulotta, P. J., Hopkins, Martuscello, Latham and Brennan, JJ., concur.